IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:11-2058 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Jermaine Singleton, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court pursuant to Defendant's *pro se* motion seeking to have the "miscomputation [sic] in sentence" corrected to "remov[e] [ ] the career criminal enhancement." ECF No. 54. Defendant contends this court committed error based upon the holding of *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013).

To the extent Defendant's motion is construed as a motion for modification of sentence, Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on June 27, 2012, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion has passed. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582 or 18 U.S.C. § 3742.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c) (the court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon motion of the government for substantial assistance, or

1

(3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range). None of these circumstances applies to Defendant.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. Defendant has not appealed his conviction or sentence.

Defendant's motion does not allege that any of these circumstances applies. The court lacks jurisdiction to modify Defendant's sentence, and therefore, Defendant's letter, construed as a motion to modify sentence, is **dismissed** for lack of jurisdiction.

Defendant also challenges the imposition of his sentence as procedurally unreasonable. Accordingly, Defendant's motion is, in reality, a motion for relief under 28 U.S.C. § 2255. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to" a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

If this court construes this motion as one for relief under § 2255, Defendant should be given the opportunity to either withdraw this motion, or amend it to include all grounds he wishes to raise in a § 2255 motion, as several consequences result from the filing and consideration on the merits of a § 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).[1]

---

[1] The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Defendant would be required to obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, any subsequent motion by Defendant would

Because these limitations affect future filings by Defendant if this court proceeds with the presently-filed motion as one for relief under § 2255, the court notifies Defendant of its intent to construe the motion filed September 11, 2014, as a motion for relief under § 2255. Defendant shall either move to withdraw the motion <u>if he so chooses</u>, or amend it to include all grounds for relief he wishes to pursue by **Friday, October 10, 2014**.[2]

---

be barred absent this permission to file.

[2]The court takes no position at this time as to the timeliness of a motion for relief under 28 U.S.C. § 2255. Title 28 U.S.C. § 2255 contains a one-year statute of limitations on motions for relief under § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to a statutory exception, a motion for relief under § 2255 must be filed within one year of a conviction becoming final. Because Defendant did not appeal his conviction or sentence, his conviction became final on July 2, 2012, the date his Judgment Order was entered onto the docket of this matter. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). The court notes that in reviewing Defendant's case, Defendant was not found to be a career offender at sentencing. None of Defendant's qualifying offenses (second degree burglary, ABHAN) were used to determine Defendant was a career offender. Instead, based upon his prior record, Defendant's criminal history category was V. If Defendant had been found to be a career offender, his criminal history category would have been VI. Accordingly, the court takes no position on the substance of Defendant's current motion.

3

**IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie
                                                CAMERON McGOWAN CURRIE
                                                SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 15, 2014