UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. NO.: 3:11-2058-CMC |
| | ) | |
| v. | ) | |
| | ) | **OPINION and ORDER** |
| Jermaine Singleton, | ) | |
| | ) | |
| Defendant, | ) | |
| _____) | | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. ECF No. 57. Defendant asserts that he is entitled to relief under *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013). The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has not responded to the Government's motion and the time for doing so has expired.

The court has reviewed the record in this case. At sentencing, three of Defendant's four prior qualifying convictions (two burglary second degree convictions and an ABHAN conviction) were not counted as "crimes of violence" under the Guidelines due to the lack of *Shepard* - approved documents.[1] Therefore, Defendant was not deemed to be a career offender under U.S.S.G. § 4B1.2. Instead, based upon his prior record, Defendant was found to have a criminal history category V. If Defendant had been found to be a career offender, his criminal history category would have been VI. Accordingly, Defendant's motion is without merit.

The Government contends that Defendant's motion is untimely. Defendant did not appeal

---

[1] *See United States v. Shepard*, 495 U.S. 13 (2005).

1

his conviction or sentence. Accordingly, his conviction became final on July 2, 2012, the date his Judgment Order was entered onto the docket of this matter. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). In failing to respond to the Government's motion, Defendant offers no argument to show that even if his motion had any merit, he either (a) is filing within one year of one of the statutory deadlines contained in § 2255(f) or; (b) that equitable tolling should apply to his case.

Accordingly, the Government's Motion for Summary Judgment as to Defendant's motion is **granted.** The motion under 28 U.S.C. § 2255 is **dismissed with prejudice**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 9, 2014